***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At the time of the injury sustained by plaintiff, an employer-employee relationship existed between plaintiff and defendant-employer.
3. The Travelers is the carrier on the risk.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff sustained an admittedly compensable injury by accident on March 6, 2002, when he fell approximately five feet from a scaffold and dislocated his knee, tearing his ACL.
2. Plaintiff's knee injury has required two surgeries to repair the dislocation and torn ligaments.
3. The defendant-carrier has paid, and continues to pay, temporary total disability benefits based upon a compensation rate of $35.00. Travelers instituted said compensation rate, believing it to be the statutory minimum pursuant to N.C. Gen. Stat. § 97-29.
4. At the time of the hearing, plaintiff was a 23 year old male who had completed the ninth grade and had been employed in the dry wall business since he was 16 years old.
5. Prior to his employment with defendant-employer, plaintiff worked as a drywall hanger for several other contractors including: Charlie Hunt, Thelma Bullard/Bullard Drywall, and Eddings Drywall. During his employment with these drywall, subcontractors plaintiff generally worked eight to ten hours per day, five days a week, earning approximately $100.00 to $125.00 per day.
6. Plaintiff's employment with the defendant-employer was not structured in the same manner as his previous employment relationships. Unlike defendant-employer's other employees, plaintiff only worked when the regular employees were not available. As such, plaintiff "picked up" days of work whenever possible. By mutual agreement, plaintiff was paid $120.00 per day.
7. Defendant-employer's regular employees worked four to five days each week.
8. Out of the approximately seven month period of his employment with the defendant-employer, plaintiff only worked a total of three to four days. At the inception of his employment relationship, plaintiff worked approximately two days in a one week span and was compensated $120.00 per day.
9. Plaintiff did not work again until the day of his injury, March 6, 2002, nearly seven months after he had last worked with defendant-employer. On this day, plaintiff only received $100.00 for his work with defendant-employer since he was unable to complete an entire day's work, due to his injury.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On or about March 6, 2002, plaintiff sustained an admittedly compensable injury by accident to the right knee arising out of and in the course of his employment with the defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. N.C. Gen. Stat. § 97-2(5) provides four methods of calculating a claimant's average weekly wage. The first method is not applicable to this case because plaintiff worked less than 52 weeks. The second method results in an inequity to the employer-defendant because plaintiff worked sporadically. SeePostell v. BD Construction Co., 105 N.C. App. 1,411 S.E.2d 413 (1992). The third method is not applicable because a similarly situated employee does not exist. Id.
Fairness to both parties can only be obtained by applying the "exceptional reasons" provision, and the method of calculation used in Postell
wherein the employee's total wages earned are divided by the period of time the employee was employed by the defendant-employer. Pursuant to this method of calculation, plaintiff is entitled to the statutory minimum compensation rate of $30.00 as provided by N.C. Gen. Stat. § 97-29.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendants shall continue to pay temporary total disability compensation to plaintiff at the statutory minimum rate of $30.00 per week until further Order of the North Carolina Industrial Commission.
2. Defendants' request for an overpayment credit is DENIED.
3. Each side shall bear its own costs.
This the ___ day of April 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER